UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JAIME RODRIGUEZ,                    :
                                    :
        Plaintiff,                  :   Civ. No. 15-7980 (NLH)
                                    :
    v.                              :   OPINION
                                    :
DEREK HAMEL,                        :
                                    :
        Defendant.                  :
_____ :

APPEARANCES:
Jaime Rodriguez, #34911-054
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff Pro se

    Plaintiff Jaime Rodriguez, an inmate currently confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, brings this civil rights action pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). (ECF No. 1).  On November 13, 2015, this Court granted Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 3).  This case was previously dismissed for failure to state a claim as a result of this Court's sua sponte screening. (ECF No. 5).  However, Plaintiff was granted leave to amend his Complaint.

    On or about May 11, 2016, Plaintiff filed an application (ECF No. 6) to file an Amended Complaint, along with his

proposed Amended Complaint, and the matter was reopened for review by a judicial officer. At this time the Court must review the Amended Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). For the reasons set forth below, Plaintiff's claim for retaliation based on the change in his employment will be dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff's claim for retaliation based on the change in his housing assignment will not be dismissed at this time.

I. BACKGROUND

The factual background of the Amended Complaint was set forth in the Court's April 11, 2016 Opinion:

> Plaintiff explains that he was previously housed in Unit 5841, which he states is an Admission and Orientation ("A&O") unit used to receive new inmate arrivals until they receive their permanent assigned units. (Compl. 5-6, ECF No. 1). Plaintiff states that he was "primarily assigned, among other A&O duties, as an orderly to maintain the third floor bathroom." (Compl. 6, ECF No. 1).
>
> In relevant part, Plaintiff explains that "on March 11, 2015, because of a chicken pox outbreak in the

2

> institution[,] any inmates that had never contracted and had not been vaccinated for the disease were quarantined on the third floor of Unit 5841." (Compl. 11, ECF No. 1). Plaintiff further states that "[a]ll inmates that had been housed on that floor were moved." (Id.). As a result, Plaintiff was moved from his housing unit on the third floor to a 12-man cell on the second floor.
>
> A Town Hall meeting for Plaintiff's unit was held the following day, March 12, 2015, to discuss an issue regarding a missing MP3 (digital music player) charging station. At the conclusion of the meeting, Plaintiff asked Defendant Hamel for four BP-8 grievance forms. (Compl. 12, ECF No. 1). Defendant Hamel instructed Plaintiff to get the BP-8 forms from the Unit Team at Unit 5851. On Sunday, March 15, 2015, Plaintiff alleges that Defendant Hamel moved Plaintiff from the 12 man cell in Unit 5841 to another 12 man cell in Unit 5851. The Unit 5841 intake clerk also notified Plaintiff "of the loss of job and change of housing." (Compl. 12, ECF No. 1). Within days after his move to a 12-man cell in Unit 5851, Plaintiff was moved to a 2-man cell in the same unit. "Plaintiff was thereafter assigned to an orderly position in Unit 5851." (Compl. 13, ECF No. 1).
>
> Plaintiff asserts that he was not provided with any prior notice of, or a reason for, his job and housing change. He contends that he committed no infraction, and was not subject to any disciplinary process which would warrant the sanction of a loss of a job or a change in housing. (Compl. 12, ECF No. 1). Plaintiff filed administrative grievances with respect to his change of housing and job. Specifically, he alleged that he was improperly sanctioned in retaliation for the fact that he pursued his administrative grievances. (Compl. 21-22, BP-8, ECF No. 1). Plaintiff states that these grievances were rejected. Accordingly, he filed the instant civil action.

(Opinion 2-4, Apr. 11, 2016, ECF No. 4) (footnotes omitted).

In the April 11, 2016 Opinion, the Court determined that these factual allegations failed to state a claim for retaliation claim against Defendant Hamel. Specifically, the

3

Court found that Plaintiff had failed to allege that either the change to his housing, or the change to his job, constituted an adverse action which, as explained below, is a necessary element to plead a claim for retaliation.

In his proposed Amended Complaint (ECF No. 6-1), Plaintiff made changes to his initial Complaint and included additional factual allegations which he believes cure the deficiencies of his initial Complaint.  These changes and additions will be discussed in detail below.  Plaintiff continues to allege, however, that Defendant Hamel "knowingly, willfully, intentionally and maliciously fired Plaintiff and changed Plaintiff's housing in direct response to, and in violation of, Plaintiff's exercise of his Constitutional First Amendment right to petition the Government for a redress of grievances." (Am. Compl. 15, ECF No. 6-1).  As relief, Plaintiff seeks monetary damages and a declaratory judgment.

## II.  STANDARD OF REVIEW

A. Sua Sponte Dismissal

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the

grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5

statements, do not suffice." Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

B. Bivens Actions

In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages. The

6

Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988)).

Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049, 125 S.Ct. 868, 160 L.Ed.2d 769 (2005).  Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits. See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).

In order to state a claim under Bivens, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Couden v. Duffy, 446 F.3d 483, 491 (3d Cir.

7

2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that <u>Bivens</u> held that a parallel right exists against federal officials); <u>see also</u> <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001).

   C. <u>Retaliation</u>

   The Third Circuit Court of Appeals has held that:

   > [r]etaliating against a prisoner for the exercise of his constitutional rights is unconstitutional. <u>See, e.g.</u>, <u>Mitchell v. Horn</u>, 318 F.3d 523, 529–31 (3d Cir. 2003); <u>Rauser v. Horn</u>, 241 F.3d 330, 333–34 (3d Cir. 2001); <u>Allah v. Seiverling</u>, 229 F.3d 220, 224–26 (3d Cir. 2000). To state a claim for retaliation, a plaintiff must allege that: (1) he was engaged in constitutionally protected conduct, (2) "he suffered some 'adverse action' at the hands of the prison officials"; and (3) "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision" to take that action. <u>Rauser</u>, 241 F.3d at 333.

<u>Bistrian</u>, 696 F.3d at 376 (footnote omitted); <u>see also</u> <u>Chavarriaga v. New Jersey Dep't of Corr.</u>, 806 F.3d 210, 233 (3d Cir. 2015).

                III. <u>DISCUSSION</u>

   As in his initial Complaint, Plaintiff asserts in his Amended Complaint that Defendant Hamel retaliated against him for exercising his Constitutional First Amendment right.

   A. <u>Constitutionally protected conduct</u>

The Court again notes that filing grievances can be constitutionally protected conduct. See Bullock v. Buck, 611 F. App'x 744, 747 (3d Cir. 2015). However, based on the allegations of the Amended Complaint, it appears that Plaintiff asserts that he was retaliated against for simply requesting administrative grievance forms; namely, for asking for four BP-8 forms at the March 12, 2015 Town Hall meeting. (Am. Compl. 11-12, ECF No. 6-1). It is unclear whether simply requesting administrative grievance forms constitutes constitutionally protected activity. Compare Barnes v. Broyles, No. 13-737 (NLH), 2016 WL 155037, at *6 n.3 (D.N.J. Jan. 12, 2016) (citing Mack v. Yost, 979 F. Supp. 2d 639, 648 (W.D. Pa. 2013) ("An oral complaint to a prison guard is not a petitioning for the redress of grievances guaranteed by the First and Fourteenth Amendments.")) with Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000) (defining the constitutional right as the broader right of meaningful access to the courts and the ability to file grievances). Nevertheless, the Court assumes for purposes of this Opinion, without finding, that Plaintiff was engaged in constitutionally protected activity and, thus, has satisfied the first prong of a retaliation claim.

B. Adverse Action

An action is sufficiently adverse to support a claim for retaliation if it "was sufficient to deter a person of ordinary

9

firmness from exercising his [constitutional] rights." Rauser, 241 F.3d at 333 (quoting Allah, 229 F.3d at 225). The alleged adverse action described by Plaintiff in this case was the change in his housing assignment and in his job.

    1. Change in housing

In the April 11, 2016 Opinion, the Court reached the following conclusion with respect to Petitioner's change in housing:

> In this case, the factual allegations of the Complaint do not establish that the change in Plaintiff's housing assignment — from a 12 man room in Unit 5841 to, ultimately, a 2 man cell in Unit 5851 — was an adverse action. See, e.g., Verbanik v. Harlow, 512 F. App'x 120, 122 (3d Cir. 2013) (affirming district court's determination that plaintiff did not demonstrate that the living conditions he endured constituted an adverse action). Plaintiff's vague label of the housing in Unit 5841 as "privileged" does not sufficiently explain why a transfer to Unit 5851 had such a negative impact as to amount to an adverse action. Id.
>
> . . .
>
> Without more, the Complaint fails to establish that Plaintiff's housing transfer constituted an adverse action.

(Opinion 12-13, Apr. 11, 2016, ECF No. 4) (footnote omitted).

In his Amended Complaint, Plaintiff explains the change in his housing assignment in more detail. Specifically, Plaintiff alleges that "Unit 5841 is the least populated unit in the institution." (Am. Compl. 6, ECF No. 6-1). Plaintiff further asserts that Unit 5841 is located in close proximity to the

education building, the recreation building, and the dining hall. Because these facilities are available on a first-come-first-serve basis, Plaintiff alleges that inmates housed in Unit 5841 enjoy greater access to the privileges associated with them — such as the ability to view movies, use of the weight room equipment, access to haircuts at the barber shop, and use of legal research computers. (Id. at 7). Plaintiff further alleges that after requesting the inmate grievance forms, he was moved out of Unit 5841 — in which he had been housed for 44 months — and into Unit 5851. Unit 5851 is located farther from the dining, recreation, and education buildings and, thus, Plaintiff states he was frequently unable to make use of these facilities. Plaintiff also alleges that in Unit 5851, he endured "mass punishments," something which did not occur in Unit 5841.

Based on the allegations of the Amended Complaint, Plaintiff has alleged at the pleading stage that the impact of the housing change was sufficiently negative so as to constitute an adverse action. See, e.g., Bistrian, 696 F.3d at 376 (holding that conditions of confinement in a particular prison housing unit may deter a person of ordinary firmness from exercising his First Amendment rights); Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000) (holding that a fact finder could conclude from allegations of "reduced access to phone calls, reduced access to the commissary, reduced access to recreation, confinement in his

11

cell for all but five hours per week, denial of access to rehabilitative programs and, significantly, inadequate access to legal research materials and assistance" that "retaliatory continued placement in [confinement under those conditions] would deter a person of ordinary firmness from exercising his First Amendment rights"). The Court makes no findings as to the merits of Plaintiff's claim; however, it will not be dismissed at the screening stage.

    2. Change in job

Plaintiff has added very few factual allegations to his Amended Complaint with respect to the change in his job. Therefore, there is nothing in the proposed Amended Complaint which alters this Court's previous analysis. This claim is dismissed for the same reasons discussed in the April 11, 2016 Opinion. (ECF No. 4).

   C. Substantial and motivating factor

The Court declines at this time to dismiss Plaintiff's claim based on a failure to satisfy the third prong of a retaliation claim. Plaintiff asserts his transfer was "a result of" his complaints and he offers certain direct and circumstantial evidence in support of the causation prong. This Court makes this determination at the screening stage, however, and makes no final determination as to whether Plaintiff has pled the existence of a causal link between Plaintiff's request

for the BP-8 forms and the housing transfer. Cf. <u>Faruq v. McCollum</u>, 545 F. App'x 84, 88 (3d Cir. 2013) (citing <u>Mitchell v. Horn</u>, 318 F.3d 523, 530 (3d Cir. 2003)); <u>Rauser</u>, 241 F.3d at 333.

## IV.   CONCLUSION

For the foregoing reasons, this Court finds that Plaintiff has failed to plead facts that establish an adverse action with respect to the change in his job and, as a result, he has failed to set forth a claim for retaliation based on his employment. However, Plaintiff's retaliation claim based on the change in his housing assignment will not be dismissed at this time.

An appropriate Order follows.

```
        ___s/ Noel L. Hillman_____
        NOEL L. HILLMAN
        United States District Judge
```

Dated: August 26, 2016
At Camden, New Jersey

13